**UNITED STATES DISTRICT COURT**
**MIDDLE DISTRICT OF FLORIDA**
**ORLANDO DIVISION**

**WILLIAM MASSEY,**

      **Plaintiff,**

**-vs-**             **Case No.  6:05-cv-480-Orl-31DAB**

**HEALTH FIRST, INC. and HOLMES**
**REGIONAL MEDICAL CENTER, INC.,**

      **Defendants.**

_____

## ORDER

This case is before the Court on Defendants Health First Inc.'s and Holmes Regional

Medical Center Inc.'s ("Health First") Motion for Dismiss (Doc. 8) and Plaintiff William Massey's

("Massey") Opposition (Doc. 11) thereto.

**I.  Background**

On November 18, 2002, Massey was injured when his motorcycle and a truck collided.

Massey was airlifted and admitted to a Health First hospital facility following the collision, and he

remained there until released on November 25, 2002.  During this hospitalization, hospital bills

accrued on account of Massey's treatment.  Massey was over 65 years old at the time.

Massey claims that the bills for his hospitalization were ones that Medicare would have

covered, that Health First is a Medicare participating provider, and that he timely asked Health

First to submit the hospital bills to Medicare.  Massey claims that Health First, however, refused to

submit the hospital bills to Medicare for payment under the program's rate schedule because it is

lower than the Health First's standard rate schedule.  Health First, instead, filed liens against

Massey to recoup payment for the hospital bills.  According to Massey, the period in which Health

First could have filed a timely Medical claim has expired; Health First, by refusing to submit a

Medicare claim, has foreclosed Massey's entitlement to Medicare benefits; and Health First,

seeking greater remuneration, has saddled Massey with the liability for the hospital bills.

On March 20, 2005, Massey filed in this Court a two-count Complaint (Doc. 1) against

Health First.  Massey contends that this Court has federal-question jurisdiction to declare Massey's

rights and the validity of Health First's liens in reference to the Medicare Act, 42 U.S.C. § 1395 *et*

*seq*.  Count I of Massey's Complaint is captioned "Unlawful Lien" and states, in essence, that:

- under Section 1395cc of the Medicare Act, a Medicare participating provider is eligible to

    receive payments from Medicare if the provider agrees, subject to exceptions, not to charge

    any individual or any other person for items or services for which such individual is (or,

    but for the provider's failure to comply with procedural requirements, would have been)

    entitled to have payment made under Medicare;

- Health First is a Medicare participating provider, the hospital bills were ones for which

    Massey was entitled to have payments made under Medicare, and no exception relieved

    Health First of the obligation under its agreement with Medicare not to charge Massey (like

    any Medicare recipient) for such bills; and

- Health First's liens, therefore, are unlawful.

Count II of Massey's Complaint is captioned "Waiver of Entitlement to Payment for Services

Rendered" and essentially alleges that Health First waived its entitlement to payment from Massey

by reason of the conduct identified in Count I.  Both Counts directly reference the Medicare Act.

On May 5, 2005, Health First filed its instant Motion (Doc. 8) seeking dismissal of

Massey's claims for failure to state a claim upon which relief can be granted.  Massey, in turn, has

filed a timely Opposition (Doc. 11).

## II.    Standard of Review

In ruling on a motion to dismiss for failure to state a claim, a court must view the

complaint in the light most favorable to the plaintiff, *Scheuer v. Rhodes*, 416 U.S. 232 (1974), and

must limit its consideration to the pleadings and any exhibits attached thereto.  FED.R.CIV.P. 10(c).

*See also GSW, Inc. v. Long County, Ga.*, 999 F.2d 1508, 1510 (11th Cir. 1993).  A court is to

assume that the allegations are true and liberally construe them in the plaintiff's favor.  *Jenkins v.*

*McKeithen,* 395 U.S. 411, 421 (1969).  Dismissal for failure to state a claim is inappropriate unless

it appears beyond a doubt that the plaintiff can prove no set of facts in support of his claim that

would entitle him to relief.  *Conley v. Gibson*, 355 U.S. 41, 45-46 (1957).

## III.    Analysis

Both Health First and Massey cite *Wentz v. Kindred Hosps. East*, LLC, 333 F. Supp. 2d

1298 (S.D. Fla. 2004) to support their positions.  In *Wentz*, the plaintiff brought statutory and

contract claims against a hospital for asserting a lien for hospital bills in violation of the Medicare

Act.  *Id.* at 1299.  The hospital allegedly had a practice of obtaining Medicare funds for treating

injured patients, later returning the funds, then pursuing greater recovery out of funds from

patients' lawsuit settlements.  *Id*.  Wentz alleged that the hospital's practice violated "the balance

billing prohibition" in Section 1395cc of the Medicare Act and, further, that the hospital's

collection activity breached a Financial Agreement under which Wentz was to pay reasonable and

lawful charges.  *Id.* at 1301, 1304.

Based on recent appellate-court precedent, the court, in *Wentz*, held that Section 1395cc of the Medicare Act did not create an express or implied right of action for individual Medicare beneficiaries. *Id.* at 1301-03 (citing, primarily, *Alexander v. Sandoval*, 532 U.S. 275 (2001) and *Love v. Delta Air Lines*, 310 F.3d 1347 (11th Cir. 2002)). That conclusion foreclosed Wentz's statutory claim. The court, nevertheless, allowed Wentz to proceed on her contract claim. Ostensibly, the court had jurisdiction over the contract claim because the conditions for diversity jurisdiction were met. *Id*. at 1299.

This Court finds the analysis in *Wentz* persuasive and concludes that Section 1395cc does not create an express or implied right of action. Several issues remain, however.

First, is Massey alleging, albeit inartfully, a contract claim? Florida law, for instance, holds that third-party beneficiaries, in certain circumstances, may bring claims under contracts to which they are not parties. *See, e.g., Horizon Images, Inc. v. Delta Color Graphics, Inc.*, 639 So.2d 186, 187 (Fla. 4th DCA 1994). Is Massey alleging such a claim or otherwise a claim under implied rights in some implied contract?

Second, if Massey is alleging a contract claim, on what basis does this Court have jurisdiction? Massey has not established that diversity jurisdiction exists.

Third, if Massey premises jurisdiction on a preemption-type theory, are Massey's contract claims, if any, viable under federal law?

None of the issues in the foregoing non-exclusive list has been meaningfully addressed by either party in this case. Massey barely scrapes the implications of the *Wentz* opinion; and Health First assumes that, without a private right of action under Section 1395cc, Massey has absolutely no remedy for the alleged inequitable behavior. The parties have some work to do.

**IV.      Conclusion**

As it is Massey's duty to allege a short, plain statement of claims entitling him to relief,

Massey will have an opportunity to replead his complaint.  If Massey does so in this Court, more

than one of the foregoing issues need to be addressed.  It is hereby

**ORDERED** that Defendant's Motion to Dismiss (Doc. 8) is GRANTED in part.  Massey's

claims are DISMISSED without prejudice.  Massey shall have until June 14, 2005 to file an

amended complaint.  Otherwise, the case will be closed.

**DONE** and **ORDERED** in Chambers, Orlando, Florida on May 25, 2005.

GREGORY A. PRESNELL
UNITED STATES DISTRICT JUDGE

Copies furnished to:

Counsel of Record